MELINDA HAAG (SBN 132612)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ANN MARIE REDING (SBN 226864)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415 436-6813
    Fax: 415 436-6748
    Email: annie.reding@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAQUEL HERNANDEZ AND CARLOS HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS J. VILSACK, SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendant. | Docket No. C 10-4198 TEH<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

    WHEREAS, Plaintiffs filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended;

    WHEREAS, Plaintiffs have filed the following administrative EEO complaints with the U.S. Department of Agriculture: FSIS-2009-00236 and FSIS-2009-00214.

    WHEREAS, Plaintiffs and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiffs' employment with Defendant, which have transpired prior to the execution of this Agreement;

1  WHEREAS, on or about February 19, 2009 Plaintiffs filed formal EEOC complaints (FSIS-2009-00236 and FSIS-2009-00214); and on September 16, 2010, Plaintiffs filed a Complaint in the Northern District of California alleging discrimination based on race and/or national origin; hostile work environment on these bases; failure to prevent discrimination; retaliation for engaging in protected activity; violation of the Family Medical Leave Act of 1993 ("FMLA"); and constructively termination.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. In full and final settlement of all claims in connection with the above-captioned action, defendant shall pay Plaintiffs a total sum of fifty thousand dollars ($ 50,000) dollars ("Settlement Amount"). There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to the Law Offices of M.J. Randle Attorney-Client Trust Account, and will be mailed to Plaintiffs in care of their counsel. Plaintiffs and their attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, the U.S. Department of Agriculture, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date they execute this Agreement, which arise from or relate to their employment with the U.S. Department of Agriculture.

3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full

satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiffs' counsel at all stages of litigation, including, but not limited to, the processing of Plaintiffs' administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiffs agree that they will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiffs' counsel of $50,000 and the letters of recommendation and Plaintiff Carlos Hernandez's corrected Standard Form 50.

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiffs have been apprised of the statutory language of Civil Code Section 1542 by their attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning Plaintiffs' claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part

of the Defendant, the U.S. Department of Agriculture, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiffs' complaints in these actions.

8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the settlement sum received herein, Plaintiffs or Plaintiffs' counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiffs shall not seek to rescind the Agreement and pursue their original causes of action. Plaintiffs' sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing,

duly executed by all of the parties or their authorized representatives.

13. **Authority**. The signatories to this Agreement have actual authority to bind the parties.

14. **Additional Settlement Terms**. In addition to the terms described in paragraph 1 above, Defendant agrees to provide the following within sixty (60) days from the date that the Court "so orders" this Agreement to process:

(A) Defendant shall process the paperwork for Plaintiff Carlos Hernandez's promotion from GS-11 to GS-12, effective as of July 19, 2009. Defendant shall also process the paperwork to issue Plaintiff Carlos Hernandez a paycheck for any outstanding difference in salary from July 19, 2009 to July 24, 2009, for this change in grade and salary. A Standard Form 50 reflecting this promotion will be added to Plaintiff Carlos Hernandez's Official Personnel File.

(B) Defendant shall provide both Plaintiff Carlos Hernandez and Plaintiff Raquel Hernandez with "to whom it may concern" letters of recommendation signed by Dr. Vivian Chen.

(C) Defendant shall provide Plaintiff Raquel Hernandez with personalized letters of recommendation (up to twelve over the next twelve months from the date this settlement agreement is signed) from Dr. Vivian Chen.

DATED: October 19, 2011

_____
Plaintiff Raquel Hernandez

DATED: October 19, 2011

_____
Plaintiff Carlos Hernandez

DATED: October 19, 2011

_____
Murlene J. Randle
Plaintiff's Attorney

DATED: October 19, 2011

_____
Ann Marie Reding
Assistant United States Attorney
Attorney for Defendant

1 | DATED: October 19, 2011

_____
Dr. Vivian Chen
Deputy Assistant Administrator, FSIS, USDA

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 10/20/2011

_____
HON. THELTON E. HENDERSON
United States District Judge